WILLIAM WILSON vs. PATRICK REEDY and another.

July 1, 1885.

Measure of Damages—Breach of Warranty on Sale.—When, in an action for the purchase price of personal property, the defendant pleads, by way of set-off or recoupment, damages for breach of the vendor's warranty of the quality of the property, such damages should be applied in reduction of the plaintiff's cause of action *as of the date of the sale*.

Evidence.—The competency of certain evidence considered.

The defendants purchased a harvesting and binding machine of plaintiff, as agent for George Esterly & Son, for the sum of $300, and in part-payment gave two promissory notes, each for the sum of $100. This action was brought in the district court for Wabasha county, to recover the amount of these notes, which plaintiff alleges were duly sold and transferred to him, though not indorsed by the payees. The answer pleads a counterclaim, by way of recoupment, for an alleged breach of a warranty made upon the sale of the machine.

On the trial before *Start*, J., the defendant Hugh Reedy was allowed to testify, against plaintiff's objection, to admissions made by plaintiff, after he became the owner of the notes and when he was endeavoring to make the machine work, to the effect that the machine was defective. The plaintiff had a verdict for $50 and interest, and appeals from an order refusing a new trial.

*E. M. Card* and *Abbott E. Smith*, for appellant.

*Henry D. Stocker*, for respondents.

MITCHELL, J. This case has already been before the court on a former appeal. 32 Minn. 256. The assignments of error on this appeal can be disposed of very briefly.

1. Wilson being a party to the action, any admissions by him as to any fact material to the issues were competent evidence against himself. The contention that his admissions are only admissible against him when they would have been admissible against Esterly & Son, as the admissions of their agent, had they brought the suit, is untenable.

2. The question propounded to the witness Chalmers, viz., "Was

the trouble with the machine, or the incompetency of these men to run it?" was properly excluded. Even assuming that he was an expert as to the character and use of such machinery, it was not competent for the witness to express an opinion as to the general merits of the case. This was virtually what the question called for. This was for the jury.

3. The question asked defendants, viz., "What was the machine worth in the condition it was at the time you bought it?" was competent. In *Osborne* v. *Marks, ante,* 56, the question allowed was, what the machine was worth *as a harvester and binder.* This was held error, because it was limited to the value for a specific purpose. The question in the present case called for the value generally.

4. The court was correct in instructing the jury to deduct the amount allowed defendant for damages from the notes as of the date of the transaction. This is not a case of set-off or counterclaim arising on an independent contract, but where the defendant, the vendee, when sued for the purchase price of personal property, sets up by way of recoupment damages sustained by reason of a breach of the vendor's warranty of the quality of the property, for the purpose of reducing the plaintiff's cause of action, for the reason that the vendor had not complied with his cross-obligation arising under the same contract. This defence is rather in the nature of a partial failure or want of consideration, and, if proved, establishes the fact that the vendor never had a cause of action for the full amount claimed. The warranty, if broken, was broken immediately when given; and the consequent damages, to wit, the decrease in the value of the machine, were sustained then, and therefore should be applied in reduction of the plaintiff's cause of action of that date.

Order affirmed.