## C. AULTMAN & Co. vs. JOHN A. TORREY.

Argued by appellant, submitted on brief by respondent, Nov. 16, 1893. Affirmed Dec. 13, 1893.

#### No. 8334.

A breach of warranty may be a defense.

A breach of warranty may be the subject of counterclaim, or it may be set up as a defense by way of recoupment, in an action for the purchase price of property sold with warranty.

Such a defense is not barred by the statute of limitation of actions.

The statute of limitations does not run against the defendant's right to interpose such defense, and such right must be held to survive and continue as long as the vendor's right of action upon the contract.

Appeal by plaintiff, C. Aultman & Co., a corporation, from a judgment of the District Court of Brown County, B. F. Webber, J., entered October 11, 1892, for defendant for his costs.

On August 8, 1884, the plaintiff sold and delivered to defendant, John A. Torry, a harvesting and binding machine, and warranted it to do good work, that it was made of good material, not liable to get out of order, of light and easy draft, and would not miss binding bundles. Torry gave plaintiff his two promissory notes for the price; one for $125 and interest, due November 1, 1885, and the other for $100 and interest, due November 1, 1886. This action was commenced October 20, 1891, upon these notes. The defendant answered stating these facts and a breach of the warranty whereby he sustained damages to the full amount of the notes and he asked judgment that plaintiff take nothing and that he recover costs. Plaintiff for reply denied the breach of the war-

ranty and the damages, and also averred that defendant's claim of damages did not accrue within six years next before the commencement of the action.

The parties then stipulated as to the facts and waived a jury, and agreed that if the defence or counterclaim was not barred, defendant should have judgment and submitted the matter to the Court. Findings were made and judgment entered that plaintiff take nothing by its action and pay costs taxed at $16. Plaintiff appeals.

*Harrison & Noyes* and *E. E. Smith,* for appellant.

*George W. Somerville,* for respondent.

VANDERBURGH, J. The plantiff sues to recover upon notes which were dated August 8, 1884, and payable November 1, 1885, and November 1, 1886. The action was brought in October, 1891. The notes were given for the price of a harvester sold by plaintiff to defendant with warranty when they were given, and it is admitted that there has been a breach of the warranty for more than six years, and that the damages suffered by the defendant by reason of such breach of warranty are equal to the amount of the notes sued on. The breach of warranty was set up by defendant as a defense, and by way of recoupment of plaintiff's damages from defendant's failure to pay the purchase price represented by the notes. Plaintiff claims as a legal proposition that the statute of limitations had run against any claim of damages or right to recoup the same in this action. The correctness of this proposition the trial court did not assent to, and ordered judgment for the defendant. It is the only question to be considered on this appeal.

A party defendant may plead as a defense matter that under other circumstances would be the subject of a counterclaim, or an independent cause of action. A counterclaim must be pleaded as such, and not as a defense. *Broughton* v. *Sherman,* 21 Minn. 431.

Recoupment or reduction of a demand is said to arise where there is an action upon a contract, and there has been a breach of the contract, or some divisible part of it, or obligation connected with it. Anderson, Law Dict. *in loc.* This meets the requirements of this case. Upon the facts admitted, defendant was entitled to a reduction of the amount of the contract price by reason of plaintiff's breach of the contract, and, his damages being admitted to be equal

to the entire purchase price, he is entitled to plead the same as a complete bar to plaintiff's action. *Wilson* v. *Reedy,* 33 Minn. 504, (24 N. W. 191.) Such a recoupment by way of defense or reduction of the plaintiff's claim must be held to survive and continue as long as his cause of action.

Any other rule would result in great injustice; and, besides, it is sufficiently clear that the statute of limitations was not intended to include such cases.

The right is inseparable from the nature of the contract, and, as long as that subsists as the basis of the plaintiff's claim, so long the right to defend against it for the plaintiff's breach of the contract, by way of recoupment or otherwise, must remain. So that recoupment, as properly defined, and as it is to be applied in this case, amounts practically to a partial or complete defense, as much as would a partial or complete failure of consideration. *Wilson* v. *Reedy, supra;* Pomeroy, Rem. (2d Ed.) p. 745.

As early as the case of *Ord* v. *Ruspini,* 2 Esp. 569, Lord Kenyon said that, as the transactions between plaintiff and defendant in that suit were all of the same date, and the mutual claims arose in the course of those transactions, it would be the highest injustice to allow one to have an operation and not the other, by reason of the statute; and therefore held defendant's claim not barred.

This case is clearly distinguishable from an independent action for the breach of warranty, or an affirmative claim for damages by reason thereof in excess of plaintiff's claim.

Judgment affirmed.

(Opinion published 57 N. W. Rep. 211.)