FERDINAND MEINERT v. CHARLES BOTTCHER and Others.[1]

February 1, 1895.

No. 9101.

**Breach of Contract—Measure of Damages.**

Where a bond contains a contract for the performance of certain things, and the obligor binds himself, in a penalty, for the performance of the contract, the penalty is not the limit of recovery on the instrument.

**Same.**

In an action for the breach of the contract, the obligee may recover damages as often as the breach arises, even beyond the penalty.

Appeal by defendants Charles Bottcher and wife from a judgment of the district court for Houston county, Whytock, J., dismissing an action to foreclose the mortgage mentioned in the opinion. The answer prayed for the cancellation of the bond and mortgage. Affirmed.

*W. R. Duxbury,* for appellants.

*E. H. Smalley,* for respondent.

MITCHELL, J. The only question presented by the record is whether the judgment is supported by the findings of fact. Briefly stated, these facts, so far as here material, are as follows: In March, 1876, the plaintiff conveyed to defendant, with full covenants of title, 120 acres of land. The consideration for this deed was the covenant or agreement of defendant to erect a house on the premises for plaintiff's occupancy, and to pay and furnish to him annually, during his natural life, certain specified amounts of money, supplies, and provisions for his support. On the same day, and as part of the same transaction, to secure performance of this covenant or agreement, defendant executed to plaintiff a "bond," in the penal sum of $500, the condition of which was that it should be null and void upon performance of the terms of such agreement, which was fully stated in the instrument, and, to "secure the bond," executed to plaintiff a mortgage on the premises conveyed. Up to November, 1892, the defendant had fully kept and performed the terms of his agreement.

[1] Reported in 62 N. W. 276.

At this date the plaintiff left the premises, and soon afterwards commenced this action for a foreclosure of the mortgage. At the date of the conveyance, in 1876, the land was incumbered by a mortgage· to the amount of $500, which defendant paid off in November, 1877, and by back taxes to the amount of over $50, which he paid in October, 1876. These amounts the defendant set up by way of counterclaim, and asked that the bond and mortgage be adjudged satisfied,. and ordered to be canceled or discharged of record.

On these facts, the court held the plaintiff had failed to establish a cause of action (doubtless, because there had been no default up to that time in the conditions of the mortgage), but that defendant's· counterclaims were barred by the statute of limitations, and ordered that the action be dismissed, and the defendants have judgment for· costs. Counsel for defendants concedes that, as a ground for affirmative judgment, these claims were barred by the statute, but contends· that under the rule of C. Aultman & Co. v. Torrey, 55 Minn. 492, 57 N. W. 211, they could be set up by way of counterclaim or set-off to· the amount due on the mortgage, and, as they amounted to more than the penal sum of the bond ($500), the bond and mortgage were· fully paid and satisfied, and should have been canceled and satisfied of record. It seems to us that, while discussing various other questions, counsel has overlooked the vital fact in the case. The argument of defendants' counsel all proceeds on the assumption that the limit of recovery on this "bond" was the penal sum of $500. If this· was a mere bond in a penal sum, on a condition to be void upon the doing of some collateral act by the obligor or by a third party, the· penalty of the bond would doubtless be the limit of liability on the instrument itself. But this bond contains defendant's covenant or agreement, of which the instrument is the evidence. It is a case where the covenants and the penalty securing them are in the same deed. It was well settled at common law that upon such an instrument an action on covenant would lie to recover damages for the breach of the covenant, and that the amount of damages recovered might exceed the penalty, and that, in covenant, the obligee might recover as often as a breach arose. Said Lord Mansfield in Lowe v.. Peers, 4 Burrows, 2228: "There is a difference between covenants in general and covenants secured by a penalty or forfeiture. In the latter case the obligee has his election. He may either bring an.

action of debt for the penalty, and recover the penalty (after which recovery of the penalty he cannot resort to the covenant, because the penalty is to be a satisfaction for the whole), or, if he does not choose to go for the penalty, he may proceed upon the covenant, and recover more or less than the penalty,—toties quoties." See, also, New Holland Turnpike Co. v. Lancaster County, 71 Pa. St. 442; Ahl v. Ahl, 60 Md. 207; Leake, Cont. 1085. According to defendant's contention all that he would have to do, to get rid of his mortgage, would be to make default in the terms of his covenant until the damages for the breach would amount to $500, and then, upon recovery of that amount of damages by plaintiff, the mortgage would be fully paid and satisfied, and plaintiff would be absolutely without security for the future performance of defendant's agreement, although plaintiff might survive for 50 years, during which the money and supplies annually due him under the agreement might amount, in the aggregate, to thousands of dollars. It is needless to say that the mortgage is security, not for the penalty securing the covenants, but for the performance of the covenants themselves. The court was right in refusing to order the mortgage satisfied.

Judgment affirmed.