## Morrison *v.* Warner, Appellant.

*Mortgage—Payment—Tenants in common—Set-off—Statute of limitations.*
Where an administrator sells real estate under an order of the orphans' court, and takes a mortgage in part payment and subsequently the purchaser sells the land to the administrator individually, and his brother and sister, who were the only heirs of decedent, the consideration being the payment of the mortgage, and thereafter the administrator pays the whole mortgage in his individual capacity and assigns the mortgage to himself, he may maintain a suit on the mortgage against the other terre-tenants for the amount due by them on the mortgage, and in such a suit all claims of set-off by the defendants over six years old are barred by the statute of limitations.

Argued May 7, 1901.   Appeal, No. 92, Jan. T., 1901, by Mary E. Shearman and C. F. Morrison, terre-tenants, from judgment of C. P. Warren Co., Dec. T., 1899, No. 25, on verdict for plain-

tiff in case of B. G. Morrison, administrator of S. R. Morrison, deceased, now for the use of B. G. Morrison, v. W. C. Warner, defendant, and Mary E. Shearman and C. F. Morrison, terre-tenants. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Affirmed.

Scire facias sur mortgage. See 149 Pa. 386 and 196 Pa. 80.

At the trial it appeared that on August 11, 1885, B. G. Morrison, administrator of Stephen R. Morrison, deceased, sold under an order of the orphans' court a tract of land to W. C. Warner for $25,000, of which $15,000 was paid in cash, and the balance secured by a mortgage. On August 17, 1885, Warner sold and conveyed the land to Mary E. Shearman, Charles F. Morrison and G. B. Morrison, who were the heirs at law of F. S. Morrison, the consideration being the payment of the mortgage. At various times the administrator receipted on the mortgage until the whole of the mortgage was paid. On October 13, 1897, B. G. Morrison, as administrator assigned to himself individually the mortgage in question in consideration of the sum of $2,059.13, which was the amount that he claimed was due to him by the other terre-tenants on account of the mortgage. This suit was subsequently begun for this balance. The defendants pleaded set-off, and the plaintiff pleaded the bar of the statute of limitations as to all claims of set-off over six years old. The court refused to give binding instructions for defendant.

Verdict and judgment for plaintiff for $2,495.37. Defendants appealed.

*Error assigned* was in refusing binding instructions for defendants.

*D. U. Arird*, of *Arird & Bordwell* for appellants.

*W. J. Knupp* and *D. I. Ball*, for appellee.

Per Curiam, July 17, 1901:

A careful consideration of the numerous assignments of error filed in this case has failed to satisfy us that there is anything in either of them which would warrant a reversal of the judgment entered upon the verdict in the court below. The assignments are therefore dismissed and the judgment is affirmed.