[No. 6296. Decided November 5, 1906.]

ANN COATES, *Respondent,* v. JOSEPH TEABO, *Appellant,* SAMUEL R. McCAW, *Defendant.*[1]

APPEAL—REVIEW—FINDINGS. The findings of a trial judge who heard all the witnesses, will not be disturbed on appeal where the evidence is conflicting, and there is unquestionable testimony to support the findings.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered February 1, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to quiet title to land. Affirmed.

*Henry R. Harriman,* and *S. D. King,* for appellant.
*Charles Bedford* and *E. D. Wilcox,* for respondent.

[1]Reported in 87 Pac. 355.

HADLEY, J.—This action was brought to quiet title to certain land, and Samuel R. McCaw and Joseph Teabo were made defendants. Both defendants answered, setting up claims adverse to plaintiff, but pending the action the plaintiff and the defendant McCaw adjusted their differences, and a supplemental answer was filed showing such settlement. The issue which was tried was that made by the complaint and defendant Teabo's answer.

Both parties admit that the land in question was conveyed by the United States by patent to Marcellus Spott, an Indian. In January, 1903, said Spott died intestate, and he was at the time of his death the owner of the land in question. The plaintiff alleges that Spott left surviving him a brother, known as James Coates, and that said Coates was the sole surviving heir at law of said Spott. In June, 1903, James Coates died, intestate and without issue, leaving as his sole heir at law his widow, Ann Coates, the plaintiff in this cause.

The defendant Teabo denies that Coates was an heir of Spott, and avers that one Harriet was a full sister of Spott; that she was lawfully married to Joseph Teabo, Senior, and that five children, including the defendant Joseph Teabo, were the issue of said marriage; that all of said children except the defendant Joseph Teabo died without issue before the commencement of this action; that said Harriet died intestate in the year 1883, leaving the defendant Joseph Teabo as her sole heir. These allegations are denied by the plaintiff, and upon the issues thus formed, the case was tried.

It will be seen that the plaintiff traces her claim of title to the land by descent from Spott to his brother, Coates, and from the latter to her as his surviving wife. The defendant Teabo traces his claim by descent from Spott to himself as the sole surviving heir of Harriet, who is alleged to have been a sister of Spott. The court gave judgment against defendant Teabo, and he has appealed.

The sole questions presented by the appeal are based upon the court's findings as to the facts. It is conceded that, if Coates was a brother of Spott, he became an heir at law of Spott. While appellant denied such heirship, yet we think the evidence overwhelmingly establishes that Spott and Coates are brothers. Coates therefore inherited at least a part of the land, and the respondent, as his surviving wife, seems to have been his sole heir at law. We at least find no contention that she was not such sole heir. She therefore inherited the interest of Coates, whatever that may have been. Under the record, Coates inherited all the land from Spott, unless the said Harriet was a sister of Spott and Coates, in which event the appellant, as the son of Harriet, inherited from Spott the interest that would have gone to appellant's mother if she had survived Spott.

The chief contention is whether the evidence establishes that Harriet was a sister of Spott and Coates. The court found that it does not. We have carefully read all the evidence, the record thereof being somewhat voluminous upon this subject. Many witnesses, both Indians and white persons, testified, and a number of Indians testified through an interpreter. It would not be profitable to undertake an analysis here of the extensive testimony. It must be said that there is conflict; but the trial court observed and heard all the witnesses, and determined that appellant had not shown by a preponderance of the testimony that Harriet was a sister of Spott and Coates. The burden was upon appellant to show such fact. The opportunity of the trial court to hear and observe the witnesses is valuable in every case for the purpose of determining the weight that shall be given to the testimony, an opportunity not afforded to this court. We think that the trial court's opportunity in that regard was particularly valuable in this case. There is unquestionably evidence to sustain the findings, and we do not think we should say, from the record before us, reinforced by the

18—44 WASH.

fact that the trial court saw and heard all the witnesses, that the findings are against the weight of the evidence.

The judgment is affirmed.

- MOUNT, C. J., FULLERTON, RUDKIN, ROOT, CROW, and DUNBAR, JJ., concur.