[No. 12783.    Department One.    September 8, 1915.]

CHARLES RUBIN, *Respondent*, v. LUCERNE & AURELIA CROWN
RAILWAY COMPANY, *Appellant*.[1]

APPEAL—REVIEW—FINDINGS.  Findings upon conflicting evidence,
where the court heard and saw the witnesses, will not be disturbed
on appeal, unless the supreme court is satisfied that the trial court
was wrong in its findings.

SET-OFF AND COUNTERCLAIM — DIFFERENT TRANSACTIONS — LIMITA-
TION OF ACTIONS.  In an action for wages under a contract entered
into in January, 1912, the defendant is not entitled to counterclaim
or offset for defective work done by plaintiff in 1909 and 1910 upon
an entirely different transaction against which the statute of limita-
tions had run before plaintiff's action was commenced.

Appeal from a judgment of the superior court for Chelan
county, Grimshaw, J., entered October 15, 1914, upon find-
ings in favor of the plaintiff, in an action on contract, tried
to the court.   Affirmed.

*Thomas & Hannan,* for appellant.
*Crollard & Crollard,* for respondent.

MOUNT, J.—This action was brought to recover upon
three causes of action: first, for an alleged balance of $1,100
for services rendered by the plaintiff to the defendant cor-
poration from January 1, 1912, until January 14, 1913, at
an agreed salary of $150 per month; second, for the alleged
use of a team of horses at $50 per month for the same period;
and third, for supplies furnished to the defendant of the
alleged value of $100.07.   The answer denied that there was
any balance due the plaintiff, and alleged a counterclaim of
$2,500 for defective work done by the plaintiff for the de-
fendant.   The case was tried to the court without a jury.
Findings were made in favor of the plaintiff for $878.75 on
the first cause of action, $451.29 upon the second cause of

[1]Reported in 151 Pac. 500.

action, and $18.45 on the third cause of action.   The court
also found that the defendant was damaged in the sum of
$550 on account of improper riprapping done by the plain-
tiff for the defendant, but further found that this claim for
damage was barred by Rem. & Bal. Code, § 159 (P. C. 81
§ 63).

The defendant has appealed, making two contentions:
First, that the evidence was insufficient to show a con-
tract for $150 per month for the plaintiff and $50 per month
for the plaintiff's team of horses; and second, that the court
erred in finding that the counterclaim of the defendant was
barred by the statute of limitations.   The main issue tried
was whether the defendant agreed to employ the plaintiff for
the sum of $150 per month for himself and $50 per month
for his team of horses.   There was direct and positive testi-
mony that this was the contract.   The general manager of
the defendant denied that any such contract was entered
into.   It was, therefore, a question of fact where the evidence
was contradictory.   After a careful reading of the abstract,
we are not convinced that the trial court erroneously found
upon this question.   This court has repeatedly held that,
where the trial court hears the testimony, sees the witnesses,
and takes into consideration their credibility and the circum-
stances surrounding the transaction, we will not reverse the
judgment unless we are satisfied that the trial court was
wrong in its findings upon such questions.   *Coates v. Teabo*,
44 Wash. 271, 87 Pac. 355; *Sorrill v. McGougan*, 44 Wash.
558, 87 Pac. 825; *Carr v. Cohn*, 44 Wash. 586, 87 Pac. 926.

Upon the second point, it is strenuously argued by the
appellant that the court erred in finding that the counter-
claim of the defendant was barred by the statute of limita-
tions.   The record shows that the plaintiff performed some
riprap work for the defendant in the years 1909 and 1910,
and that his services for this work had been paid for.   The
contract upon which the plaintiff based this action was en-
tered into in January, 1912.   It was an entirely different

employment from that when the riprap work was done. This action was brought in April, 1914, and thereafter the defendant set up the counterclaim. If we were to hold that a counterclaim for defective work may be set up against an action for the price of the work, and that the claim for defective work would not be barred until the original claim was barred under the statute, still that holding would not avail the appellant here, because the counterclaim here attempted to be set up does not arise out of the claim upon which the plaintiff is now suing. The plaintiff's cause of action is based upon a contract which was entered into in January, 1912, for a salary of $150 per month. The contract upon which the counterclaim is based is one that was entered into in 1909 and 1910, and was fully completed and paid for. So it is apparent that this counterclaim is based upon another transaction, and the only connection between these two transactions is that the parties are the same; but it is upon another and entirely different contract. It seems plain, therefore, that even if the defendant had a cause of action against the plaintiff for improper work done in the year 1910, that claim cannot be offset against a claim after the statute of limitations has run against it. That, as we understand it, is what the trial court held.

The judgment appealed from is therefore affirmed.

MORRIS, C. J., CHADWICK, and HOLCOMB, JJ., concur.