FRANCISCO, Respondent, v. FRANCISCO, Appellant.

No. 8734

Submitted November 6, 1947. Decided December 16, 1947.

191 Pac. (2d) 317

Mr. W. B. Leavitt, of Miles City, and Mr. Chester E. Onstad, of Broadus, for appellant.

Mr. Hugh J. Lemire and Mr. D. L. O'Hern, both of Miles City, for respondent.

MR. JUSTICE CHOATE delivered the opinion of the Court.

The respondent Tony Francisco, hereinafter designated as plaintiff, brought action against appellant, Joe Francisco, hereinafter termed defendant, to recover on a promissory note given by defendant to plaintiff and to foreclose a real estate mortgage securing the same. Defendant's answer admits the execution and delivery of said note and mortgage, denies that the amount claimed by plaintiff was owing thereon or that the mortgage had been renewed as required by law. Defendant also set up as an "offset" or "recoupment" against his indebtedness to plaintiff the allegation that at the time the note was given, plaintiff was indebted to defendant in the amount of $936.50 (found by the court to be $930) for money loaned and

labor performed for which he asserted credit should be given him upon his note to plaintiff.

The trial court made disposal of the case as follows: It held that the mortgage in question had not been renewed as required by section 8267, Revised Codes of Montana 1935; that the lien of the mortgage expired November 1, 1941, and that it could not now be foreclosed. The court further held that the indebtedness of $930 claimed by defendant to be owing him from plaintiff and sought to be offset against plaintiff's demand, was barred by the five-year statute of limitations. Sec. 9030, Rev. Codes. The court therefore rendered judgment in favor of the plaintiff for the full amount of his note and interest (less certain items not material to our present inquiry), but denied the foreclosure of said mortgage. Defendant appeals from the judgment and assigns as error the ruling of the trial court that the indebtedness owed by plaintiff to defendant was barred by the statute of limitations.

*Cross-assignments of error.* Proceeding under section 9751, Revised Codes of Montana 1935, plaintiff has presented four cross-assignments of error but has not perfected a cross-appeal. The law is well settled in Montana that section 9751, supra, permitting cross-assignments of error, does not do away with the necessity for cross-appeals in cases wherein a party feels himself aggrieved by rulings on matters separate and distinct from those sought to be reviewed by appellant. Bancroft's Code Practice & Remedies, Volume VIII, page 8266, section 6218, after pointing out that under section 9751 the Supreme Court may review errors made not only against appellant but those made in his favor, states the law as follows: "In order however to take advantage of the provision cited respondent must invoke it and must cross-appeal, or at least make cross-assignments. And where appellant appeals only from that portion of the judgment which was adverse to him, and respondent expressly waives his right to appeal from the parts injurious to him, cross-assignments of error will not be

considered.'' Citing Cook v. MacGinniss, 72 Mont. 280, 233 Pac. 129. The same rule is again stated in the Ten Year Supplement to Bancroft's treatise above cited, at page 4036, section 6218.

The rule above quoted from Bancroft has been approved by this court in the following cases: Olcott v. Gebo, 54 Mont. 35, 166 Pac. 300; Cook v. MacGinniss, supra; Bose v. Sullivan, 87 Mont. 476, 478, 288 Pac. 614; In re Silver's Estate, 98 Mont. 141, 159, 38 Pac. (2d) 277; J. M. Hamilton Co. v. Battson, 99 Mont. 583, 44 Pac. (2d) 1064, 101 A. L. R. 520; Best v. London Guarantee & Accident Co., 100 Mont. 332, 345, 47 Pac. (2d) 656; Osnes Livestock Co. v. Warren, 103 Mont. 284, 300, 62 Pac. (2d) 206; Phelps v. Union Central Life Ins. Co., 105 Mont. 195, 71 Pac. (2d) 887; Truzzolino Food Products Co. v. F. W. Woolworth Co., 108 Mont. 408, 91 Pac. (2d) 415, 420; Hitchner & Hitchner v. Fox, 109 Mont. 593, 98 Pac. (2d) 327, 330; Pappas v. Braithwaite, Mont., 162 Pac. (2d) 212.

In determining whether or not we may consider plaintiff's █ cross-assignments of error in the absence of a cross-appeal the pertinent question is: Are the matters sought to be reviewed by plaintiff on his cross-assignments of error separate and distinct from those sought to be reviewed by defendant? Appellant's brief contains three specifications of error. No. 1 is a general assignment of error in awarding a judgment to plaintiff for the full amount of his note and interest. No. 2 is that the court erred in holding that any indebtedness due defendant from plaintiff when the note was made is barred by the statute of limitations. Assignment No. 3 is in effect the same thing as assignment No. 1 and relates to alleged error in the amount of the judgment awarded plaintiff.

Examination of these assignments and of defendant's supporting brief bears out his assertion that he has presented on his appeal the *single question* whether the indebtedness of $930

owing from plaintiff to defendant was barred by section 9030, Revised Codes, the five-year statute of limitations.

In his brief plaintiff makes four cross-assignments of error in substance as follows: No. 1 is a general specification that the court erred in refusing to award plaintiff judgment as prayed for; No. 2. that the court erred in finding there was a tacit understanding that the indebtedness owing from plaintiff to defendant in the amount of $930 should be credited or offset on the plaintiff's note; No. 3 assigns error in finding that the defendant is entitled to the credit of an additional $100 for hay furnished by him to plaintiff; No. 4 assigns error in holding that the plaintiff's mortgage was not renewed within the time provided by statute and denying foreclosure of same.

It will be observed that the only question sought to be reviewed by defendant is whether or not the credit of $930 which he seeks to recoup against plaintiff's demands is barred by the statute of limitations. In our opinion none of plaintiff's cross-assignments of error deal with that matter. They relate to the existence of the alleged agreement for the crediting of $930 on the note held by plaintiff, to an additional $100 for hay and to the sufficiency of the renewal of plaintiff's mortgage. In our opinion all of these maters are separate and distinct from the question sought by appellant to be reviewed. For that reason we cannot consider them under the well settled rule above stated in the absence of a cross-appeal, but we are limited to the question of the statute of limitations raised in defendant's brief as applied to the $930 which he seeks to offset against plaintiff's demands.

While there is some diversity in defendant's characterization of this $930 claim, counsel for defendant definitely takes the position in his original brief that "recoupment is in effect the answer and defense pleaded by defendant." It remains to be determined therefore, whether or not defendant's claim can properly be denominated one in recoupment. If defendant's claim *is* one for recoupment as that term is properly used,

it might be available to reduce the amount of plaintiff's recovery even though otherwise barred by the statute of limitations.

16 A. L. R. at page 339 states the law as follows: "The defense of recoupment exists as long as plaintiff's cause of action exists and may be asserted, though the claim as an independent cause of action is barred by limitations." Citing authorities, including Williams v. Neely, 8 Cir., 134 F. 1, 69 L. R. A. 232; Harton v. Belcher, 195 Ala. 186, 70 So. 141; Beecher v. Baldwin, 55 Conn. 419, 12 A. 401, 3 Am. St. Rep. 57; Aultman & Co. v. Torrey, 55 Minn. 492, 57 N. W. 211; Kaup v. Schinstock, 88 Neb. 95, 129 N. W. 184.

16 A. L. R. at page 328 states the rule with respect to the ▮ effect of the statute of limitations upon matters pleaded by way of counter claim or set-off: "In the absence of an express statute, a demand of a defendant, whether pleaded by way of off-set, counter claim, or cross-bill, is regarded as an affirmative action, and therefore unlike a matter of pure defense, is subject to the operation of the Statute of Limitations and is unavailable if barred." Citing numerous authorities of which the following are typical: Curtiss v. Sprague, 49 Cal. 301; Moore v. Gould, 151 Cal. 723, 91 Pac. 616; Wonnacott v. Kootenai County, 32 Idaho 343, 182 Pac. 353; Meinert v. Bottcher, 60 Minn. 204, 62 N. W. 276; Rubin v. Lucerne etc., 87 Wash. 198, 151 Pac. 500.

Similarly, "in an action on a bill or note a claim which is ▮ barred by limitations may not be asserted by way of counter claim or set-off." 16 A. L. R., at page 329, citing Weidenfeld v. Pacific Imp. Co., D. C. 267 F. 699; Curtiss v. Sprague, supra; Chandler v. Drew, 6 N. H. 469, 26 Am. Dec. 704, and numerous other cases.

Also in actions to foreclose mortgages, "claims against the ▮ mortgagee which are barred by limitations may not be set off against the debt secured by the mortgage." 16 A. L. R., page 331, citing authorities, including Moore v. Gould, supra,

Meinert v. Bottcher, supra, and Morrison v. Warner, 200 Pa. 315, 49 A. 983 and other cases.

In 47 Am. Jur., at pages 708-714, will be found an exhaustive discussion of the subject of recoupment, set-off and counter claim, from which we quote the following relating to recoupment:

"Recoupment, at common law, is the right of the defendant, in the same action, to cut down the plaintiff's demand either because the plaintiff has not complied with some cross obligation of the contract on which he sues or because he has violated some duty which the law has imposed on him in the making or performance of that contract." Pac. 708, sec. 2.

"Recoupment differs from set-off mainly in that the claim must grow out of *the very same transaction* which furnishes the plaintiff's cause of action." Pac. 710, sec. 6, emphasis supplied.

"It is now commonly held that the defendant may recoup generally whenever the demands of both parties spring out of the *same contract or transaction.*" Pac. 714, sec. 9, emphasis supplied.

57 C. J., page 358, section 1, defines recoupment as follows: "Recoupment is the act of rebating or recouping part of a claim upon which one is sued by means of a legal or equitable right resulting from a counter claim *arising out of the same transaction.*" (Emphasis supplied.)

It is apparent from the foregoing citations that a plea of recoupment must arise out of the same contract or transaction which constitutes the basis of plaintiff's claim. Here no such showing can be made. The defendant's claim in this case is based upon and grows out of work and labor performed for plaintiff and money lent to plaintiff on different dates and occasions than the time of the signing of the note upon which plaintiff sues. The court specifically found that the amount of defendant's claim was not agreed upon at the time of signing the note sued upon and in fact the record discloses that

witnesses were called to show the separate transactions constituting the basis of defendant's claim which the court found to be $930. Neither the lending of the money, the performance of the work, nor the making of the asserted agreement by plaintiff to repay same can be said to have arisen out of the same transaction, namely, the promissory note given by defendant to plaintiff upon which this action was brought.

We find therefore that defendant's claim cannot be sustained as a plea of recoupment and is therefore barred by the statute of limitations as a counter claim as that term is defined by section 9138 of our Code.

In view of the conclusions reached we need not pass upon the court's ruling on the admissibility of oral testimony to prove the claim sought to be asserted by defendant, and for the reasons indicated, we are precluded from reviewing the question of the renewal of plaintiff's mortgage. Finding no error, the judgment of the lower court is affirmed.

Associate Justices Gibson, Angstman and Metcalf concur.

Mr. Chief Justice Adair,

I concur in the affirmance of the judgment but not in all that is said in the opinion.

Rehearing denied March 31, 1948.