OLCOTT, RESPONDENT, *v.* GEBO, APPELLANT.

(No. 3,790.)

(Submitted June 9, 1917.　Decided June 26, 1917.)

[166 Pac. 300.]

*Claim and Delivery—Complaint—Sufficiency—Verdict—Insufficiency—Harmless Error.*

Claim and Delivery—Complaint—Sufficiency.

1.　The allegation that at all the times mentioned in the complaint "the plaintiff was, continuously has been, and now is, the owner and entitled to the immediate possession" of the chattel in dispute in an action in claim and delivery, was sufficient to meet the requirement that the pleading must show that plaintiff was its owner and entitled to its possession at the time the action was commenced.

Same—Verdict—Insufficiency.

2.　Failure of the verdict in an action in claim and delivery to find that defendant wrongfully took and detained the property in question renders it insufficient to sustain a judgment in plaintiff's favor and amounts to a mistrial.

Appeal and Error—Harmless Error.

3.　Only those errors and irregularities committed during trial which do not affect the substantial rights of the parties may, under section 6593, Revised Codes, be disregarded on appeal.

Same—Harmless Error.

4.　The clause in section 7118, Revised Codes, forbidding reversals of judgments for harmless error, has application only to cases in which the respondent makes cross-assignments upon errors on rulings adverse to him and preserved in a bill of exceptions, in order to enable the appellate court to determine whether those complained of by the appellants were compensated or rendered harmless by reason of them— not to such a one as is referred to in paragraph 2 above.

*Appeal from District Court, Carbon County; Geo. W. Pierson, Judge.*

ACTION by Edward Olcott against W. H. Gebo.　Judgment for plaintiff and defendant appeals.　Reversed and remanded.

*Messrs. Goddard & Clark,* for Appellant, submitted a brief; *Mr. O. F. Goddard* argued the cause orally.

*Mr. John G. Skinner* and *Mr. Frank P. Whicher,* for Respondent, submitted a brief; *Mr. Whicher* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Claim and delivery. The complaint is in the ordinary form, averring that, plaintiff being the owner, in possession and entitled to the possession of an automobile of the value of $300, the defendant wrongfully took and detained it. It is also averred that he suffered damage during its detention by defendant in the sum of $5 per day. The answer consists of a general denial and an affirmative allegation that plaintiff's claim is fraudulent. The plaintiff had verdict and judgment. The defendant has appealed from the judgment and from an order denying him a new trial. The contentions made are that the complaint does not state facts sufficient to constitute a cause of action, that the verdict does not support the judgment, in that it does not respond to all the material issues made by the pleadings, and that the verdict is contrary to the evidence.

1. The criticism of the complaint is that it does not allege that [1] plaintiff was the owner and entitled to the possession of the automobile at the time the action was commenced. The criticism is without merit. The allegation is "that at all the times herein mentioned the plaintiff was, continuously has been, and now is, the owner and entitled to the immediate possession of the automobile." This meets every requirement.

2. The verdict reads as follows: "We, the jury impaneled and sworn to try the above-entitled cause, find that the plaintiff is [2] the owner entitled to the possession of the Buick automobile described in the complaint, and that in case delivery of the same cannot be had, he is entitled to the value thereof, which we find to be in the sum of $300. We further find that the plaintiff has been damaged by reason of the detention thereof in the sum of $40."

The contention is that this does not contain a finding upon the material issue whether defendant wrongfully took and detained the automobile. The contention must be sustained. The question here presented has several times heretofore been considered and determined by this court. It is therefore unnecessary to

enter upon a reconsideration of it.   The latest discussion of it was in the case of *Hickey* v. *Breen,* 40 Mont. 368, 20 Ann. Cas. 429, 106 Pac. 881, where all the prior decisions were reviewed and approved.   In that case, considering a verdict substantially the same in form as the one before us, Mr. Justice Holloway said: "There is not any finding at all upon the very material issues whether the defendant ever took the property from the plaintiffs, or detained the same.   Assuming that the jury's findings as made are correct, still the defendant cannot be mulcted for costs, if he never wrongfully took or detained the property. That a verdict such as the one returned in this action is not sufficient to sustain a judgment has been decided many times."   This case was cited as declaratory of settled law in this jurisdiction, in the later case of *Cuerth* v. *Arbogast,* 48 Mont. 209, 136 Pac. 383.   It was pointed out in the case of *Hamilton* v. *Murray,* 29 Mont. 80, 74 Pac. 75, that the omission of a verdict to find on all the material issues in the case amounts to a mistrial.

Counsel for respondent cite sections 6593 and 7118 of the [3, 4] Revised Codes, and insist that they require the judgment to be sustained notwithstanding the omission.   This contention is without merit.   The first requires a disregard of those errors and irregularities only which do not affect the substantial rights of the parties.   If it had the scope counsel would assign to it, there would never be a successful appeal, for it would include all errors however substantial.   The second has no application. It has application only to cases in which the respondent makes cross-assignments upon errors on rulings adverse to him and preserved in a bill of exceptions, in order to enable this court to determine whether those complained of by the appellant were compensated or rendered harmless by reason of them.

3. The plaintiff bases his title upon an alleged sale to him of the automobile by one Darrow.   The defendant undertook to justify his taking of it as sheriff under an attachment, as the property of Darrow in an action brought against Darrow by a creditor, on the ground that the sale had not been accompanied by an immediate delivery and followed by an actual and con-

tinued change of possession as required by the statute. (Rev.
Codes, sec. 6128.) As to this contention it is sufficient to say
that, while the evidence of the sale and change of possession as
it appears in the record is not satisfactory, it presented a case
for the jury as to the credibility of the witnesses, which it was
their exclusive province to determine.

The judgment and order are reversed and the district court
is directed to grant a new trial.

*Reversed and remanded.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.