## DALY *v*. KRAMER.

1. USURY—VENDOR AND PURCHASER—FORECLOSURE—EQUITY.
    In a suit to foreclose a land contract, where the vendors claimed nothing on account of a bonus on a loan made to the vendee after the contract was made, and he prayed for affirmative relief, the court below properly decreed that the vendee should do equity and refused to disallow interest on the ground that the loan was usurious.[1]

2. VENDOR AND PURCHASER—FORECLOSURE—DEFENSES—FAILURE TO TENDER AMOUNT DUE.
    Where the vendee in a land contract knew, before he pur-

---

[1]Vendor and Purchaser, 39 Cyc. p. 1007.

chased, that there was a mortgage on the property, and
he never tendered the amount due on the contract, he is
in no position to urge, in foreclosure proceedings, that,
because of said mortgage, the vendors could not convey free
and clear of all incumbrances.[2]

3. SAME—DEFAULT—DAMAGES.

Where the vendee was in default in his payments on the
contract and taxes, and had committed waste on the
premises, he could not be heard to say that the vendors
were in default because they refused to advance any more
money under the contract to improve the building, as they
had agreed to do; nor is there any merit in his claim
that he is entitled to damages because of said refusal.[3]

Appeal from Wayne; Richter (Theodore J.), J.
Submitted April 27, 1926.    (Docket No. 68.)    Decided July 22, 1926.

Bill by Isabella C. Daly and another against Morris
J. Kramer and another to foreclose a land contract.
From a decree for plaintiffs, defendants appeal. Affirmed.

*N. Calvin Bigelow,* for plaintiffs.

*Benjamin, Beckenstein, Wienner & Quay,* for defendants.

BIRD, C. J.    On March 4, 1920, plaintiffs sold on
contract to defendant Kramer a dwelling in the city of
Detroit for $10,000.    A down payment of $1,500 was
made by defendant.    The balance was to be taken care
of by defendant at the rate of $65, or more, a month,
and the whole sum was to be paid in 2 years from
that date.    After a few months the defendant was in
default in his payments.    When the payments under
the contract were all due defendant applied for, and
got, an extension to September 4, 1922.    Soon after
this defendant concluded to remodel a part of the build-

[2]Vendor and Purchaser, 39 Cyc. p. 1854 (Anno); [3]Id., 39 Cyc.
p. 1853 (Anno), 1854.

ing into a store, and he applied to plaintiffs for a further loan of $3,600. Plaintiffs agreed to advance this sum, and did advance $700. A new contract was then made providing for the payment of $13,600. This represented the sum due on the first contract plus the second loan of $3,600.

After the new agreement was made, defendant, instead of remodeling the building, tore it down and sold a large part of the building materials. After doing so, he arranged to erect an apartment costing upwards of $25,000. He tore the building down without the knowledge or consent of the plaintiffs. The contract provided he should pay the taxes, but he had neglected to do this. When plaintiffs discovered that the dwelling had been wrecked without their knowledge or consent, and learned that defendant was in default with reference to the taxes and his payments on the contract, this bill was filed in April, 1924, to foreclose the land contract. After a hearing the trial court foreclosed the land contract and found due thereon the sum of $8,844.64, and gave defendants 30 days in which to make payment before sale. Instead of making payment the defendants appeal to this court and argue several questions.

1. That if plaintiffs are entitled to maintain their present action they are not entitled to interest because the contract is usurious. The second or $3,600 loan agreed upon represented only $3,000. Six hundred dollars of this was a bonus. Plaintiffs claimed nothing from this on their foreclosure, and the trial court concluded that inasmuch as defendant prayed for affirmative relief in his answer he should do equity, and allowed him nothing on this account. We agree with this conclusion.

2. That by reason of there being a $3,000 mortgage on the premises, which antedated the contract with defendant, plaintiffs were in no position to convey by

warranty deed, free and clear of all incumbrances. Defendant knew of this mortgage before he purchased the property, and beside he never made any tender of the amount due on the contract, and, therefore, we think is in no position to urge this point.

3. That plaintiffs were in default under the contract because they refused to advance to defendant any further sum of money on account of the loan of $3,000. When defendant was in default in his payments on the contract, was in default in the payment of taxes, which he had agreed to pay, and had committed waste on the premises in violation of the contract, he could not be heard to say that plaintiffs were in default because they did not advance any more money on the contract which they had made with him.

4. Defendant is entitled to damages by reason of plaintiffs' refusal to advance to defendant any further sums of money on account of the $3,000 loan. Under the circumstances disclosed in this case we think there is no merit in this contention. We are in accord with the chancellor's decree foreclosing this contract. There is no merit in any of defendant's contentions.

The decree will be affirmed, with costs of both courts to plaintiffs.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.