### HEATH *v.* GLOSTER.

1. VENDOR AND PURCHASER—DEFAULT—FORFEITURE.
    That vendor was indebted to vendee for costs taxed in vendor's unsuccessful suit to forfeit contract would not excuse vendee from paying balance due on contract.

2. SAME—VENDOR'S DEFAULT IN MORTGAGE PAYMENTS.
    Rule that vendor is precluded from forfeiting land contract when he is in default in making payments on mortgage is not applicable where vendee's default in making payments is responsible for vendor's default; and especially where vendee had right to make payment on mortgage and receive credit therefor on contract.

Appeal from Wayne; Chenot (James E.), J. Submitted June 7, 1932. (Docket No. 8, Calendar No. 36,486.) Decided September 16, 1932. Rehearing denied January 25, 1933.

Summary proceedings by Charles C. Heath against Joanna Gloster to recover possession of real

estate sold under land contract. Judgment for plaintiff. Defendant appeals. Affirmed. Petition for rehearing denied, see 261 Mich. 552.

*George B. Murphy,* for plaintiff.

*J. Gilbert Quail,* for defendant.

Butzel, J. On April 23, 1928, Joanna Gloster, defendant, as vendee, purchased a house and lot in Detroit from Joseph P. Manning, assignor of Charles S. Heath, plaintiff. The contract provided for a purchase price of $6,000, with a down payment of $650, $100 payable on June 1, 1928, and a balance of $5,250 in monthly instalments of $50, including interest at 6 per cent. per annum. Defendant agreed to pay the taxes on the property. The contract permitted vendor to mortgage the property and in the event of his default in meeting the mortgage obligations, vendee might make the payments and apply them on the contract. In addition to the down payment of $650, defendant paid $195.72 on principal and interest up to November 28, 1928, since which date she has made no payments whatsoever. Forfeiture was attempted by vendor, and in a suit in Wayne circuit court, the chancellor decreed that the defendant was entitled to a credit of $1,036.66 on purchase price on account of damages defendant had suffered owing to defects in the house and failure of the building to conform with the building code. This reduced the balance on the contract to $4,542.74, with interest paid to September 29, 1930, and it was decreed that the contract be reinstated as of that date. The decree is silent as to the taxes that became due between the dates of the contract and the decree, but this does not become important inasmuch as in the judgment in the present case defendant was not charged with the amount of the taxes. After the reinstatement of the contract as of September 29,

1930, vendee made no further payments, either on principal or interest or for taxes or insurance. She, however, continued to occupy the premises. Notice of forfeiture was served on her on February 19, 1931, when four instalments of $50 each were past due. Defendant denies plaintiff's right to recover, first on the ground that $154.10 costs taxed in the first suit were due her from plaintiff or his assignor at the time she was served with notice of forfeiture. This would not excuse her from paying the balance of $200 that was due. Notwithstanding her refusal to make payments to plaintiff, she brought garnishment proceedings to recover $154.10 due her for costs, and, after collecting it, she made no offer to make payments under the contract. In the instant case, defendant forced plaintiff to wholly unnecessary litigation in this court, and in 256 Mich. 291, 293, we not only held that defendant was required to pay the taxable costs, but also an additional $100 for vexatious appeal.

Defendant further relies on the claim that the mortgage was placed upon the premises by vendor, and that on account of the latter's failure to pay taxes and the amounts that became due on the mortgage for principal and interest, the mortgagee instituted foreclosure proceedings so that a mortgage sale took place on February 16, 1931, three days prior to the notice of forfeiture relied upon by plaintiff; that the latter would not be able to give good title on account of his default in meeting the obligations under the mortgage and the mortgage sale that followed, and that, therefore, defendant was excused from making any further payments. Plaintiff, however, claims that his failure to make the mortgage payments was on account of defendant's continued defaults, and at the trial of the case he testified that he told defendant the reason he could not keep up

his mortgage payments was on account of her default in making payments to him. The equity of redemption did not expire until February 16, 1932. Plaintiff further offered at the trial of the case that he would see to it that the "property was put in good standing," if defendant would pay up the past-due amounts.

Plaintiff recovered judgment of restitution before the circuit court commissioner, who found $200 and costs to be due. At the time that the trial of the appeal was reached in the circuit court, where the case was heard without a jury, the court found $750 and costs to be due. On reading the record, we are impressed with the fact that defendant showed no disposition whatsoever to make payments on the contract, but rather to retain possession and cause plaintiff as much trouble and expense as she could, in order to regain possession. She had the right to make payments on the mortgage if she did not care to pay plaintiff. There was no tender of payments on her part, and the court properly gave judgment of restitution.

The rule that a vendor is precluded from forfeiting a land contract when he himself is in default in making payments on the mortgage is not applicable under the present circumstances. The defendant is largely responsible for vendor's defaults, and could have protected herself under the contract. The rule cannot be invoked in the present case for the purpose of escaping payment and at the same time retaining possession of the property. See *Daly* v. *Kramer,* 235 Mich. 581; *Langley* v. *Kirker,* 247 Mich. 443, 445.

The judgment is affirmed, with costs to plaintiff.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.