## DIRR *v.* HITCHMAN.

1. APPEAL AND ERROR—APPEAL DE NOVO—VENDOR AND PURCHASER—EQUITY.

On appeal from decree in suit to foreclose land contract, Supreme Court hears case *de novo,* and each party should be required to do equity, but in determining their respective equitable rights, court is bound by specific terms of their contract.

2. VENDOR AND PURCHASER—DEFAULT BY VENDOR.

Where vendor agreed to make semi-annual payments on mortgage and pay principal at maturity, but failed to do so, rights of vendee are in jeopardy, and said default is not obviated by fact that mortgagee has neither instituted nor threatened foreclosure.

3. SAME—OPTION TO VENDEE TO PAY MORTGAGE IMPOSES NO OBLIGATION TO DO SO.

Provision in land contract that, if vendor defaults in payments due on mortgage, vendee may pay same, or, in case of foreclosure, may incumber land by mortgage, is optional merely, and does not impose upon him obligation or duty to do so.

4. SAME—FORECLOSURE—DEFAULT BY VENDOR—ESTOPPEL.

That vendee continued to make payments on his contract after vendor defaulted in making payments on mortgage would not estop vendee from asserting his contract rights to have said mortgage paid or renewed, in suit by vendor to foreclose contract, especially in view of fact that vendor continued in default, and that vendee was advised thereof only short time before suit.

5. SAME—FORECLOSURE—EQUITY.

Vendor, who was first in default in making payments on mortgage, is not entitled to foreclose contract until mortgage is paid or renewed and opportunity given vendee to pay amount decreed to be due.

Appeal from Wayne; Cutler (Hal L.), J., presiding. Submitted April 7, 1932. (Docket No. 52, Calendar No. 36,383.) Decided October 3, 1932.

Bill by Caroline K. Dirr against Thomas Hitchman to foreclose a land contract. Decree for plaintiff. Defendant appeals. Reversed conditionally.

*Kurth, Kurth & Cline,* for plaintiff.

*Albert McClatchey* and *James R. Garber,* for defendant.

NORTH, J. This is an appeal by the defendant from a decree foreclosing a land contract in which he is the vendee.

On September 8, 1927, plaintiff entered into a land contract with defendant to sell the property described therein and located in the city of Detroit for $22,500. There was a down payment of $2,500, the balance being payable in monthly instalments of $160 each. At the time the contract of sale was consummated the property was subject to a mortgage in the original amount of $12,000, on the principal of which $200 has been paid. The mortgage provided for semi-annual payments of not less than $200, the whole amount being due and payable October 30, 1928. Plaintiff paid the interest on the mortgage as it fell due, but made only the one payment of $200 on the principal, leaving at the time she filed her bill of complaint herein a balance past due and unpaid on the principal of the mortgage of $11,800.

The defendant made each of the contract monthly payments to and including December 8, 1930. Shortly prior to that date he learned that plaintiff had not paid the mortgage against the property and that she had not made the semi-annual payments of principal. He brought this to the attention of plaintiff's husband, who seems to have acted as her agent. As noted above, plaintiff kept up the payments of inter-

est on the past-due mortgage; but she neither paid nor secured an extension for payment of the principal. Assigning plaintiff's failure to pay the mortgage in accordance with its terms as his reasons for so doing, defendant defaulted in payment of five monthly instalments on his contract; the last of these fell due May 8, 1931. Plaintiff thereupon declared the full amount of the contract due and payable under an acceleration clause, and filed this bill of foreclosure.

Defendant answered and filed a cross-bill asking cancellation of the land contract and an accounting for the amounts he had paid thereon less fair rental value. His claim for such relief is based on the ground that plaintiff first breached the land contract in the manner herein indicated, and that she could not foreclose because she was not in a position to convey title in accordance with the provisions of the land contract. There was reference to a circuit court commissioner for proofs and findings and upon the record made the circuit judge entered a decree of foreclosure.

As noted above, the mortgage was outstanding against the property when the contract in suit was consummated; and defendant had knowledge or notice thereof. The contract gave the plaintiff the right to mortgage the property for "not more than the balance owing hereon at the time such mortgage is executed nor more than 50 per cent. of the purchase money paid and to be paid under this contract." The contract further provided:

"That if the title of the seller is evidenced by land contract or now or hereafter incumbered by mortgage, the seller shall meet the payments of principal and interest thereon as they mature and produce evidence thereof to the purchaser on demand and in

default the purchaser may pay the same, which payments shall be credited on the sums first maturing hereon with interest at seven per cent. per annum and in event proceedings are commenced to enforce the payment of such * * * mortgage because of the seller's default the purchaser may at any time thereafter while such proceedings are pending incumber said land by mortgage securing such sum as can be obtained upon such terms as may be required and with the proceeds pay and discharge such mortgage * * * and any mortgage so given shall be a first lien upon the land superior to the rights of the seller therein and thereafter the purchaser shall pay the principal and interest on such mortgage so given as they mature, which payments shall be credited on the sums matured or first maturing hereon, and when the sum owing hereon is reduced to the amount owing upon such mortgage or owing to any mortgage executed under either of the powers in this contract contained, a conveyance shall be made in the form above provided with a covenant by the grantee to assume and pay the same.''

Defendant's claim for cancellation and accounting is grounded on the above-quoted provision that in event of the contract property being subject to a mortgage the seller *shall* meet the payments of principal and interest thereon as they mature. We are hearing this case *de novo*. Each of the parties is in court seeking equity, and hence each should be required to do equity. But, in determining the equitable rights of the respective parties, the court is bound by the specific terms of their contract. By its terms this contract clearly places upon plaintiff the obligation of meeting the payments of principal and interest as they mature on the mortgage which she gave upon the property. This she did not do. She not only defaulted in making semi-annual pay-

ments "of not less than $200" due on the principal, but she also defaulted in paying the balance of the principal at maturity, October 30, 1928. This default is not obviated by the fact that the mortgagee has neither instituted nor threatened foreclosure, but instead has carried the mortgage without any definite extension of the time of maturity. As long as plaintiff is in default on her mortgage defendant's rights under the contract are in jeopardy because they may be cut off by foreclosure of the mortgage at any time the mortgagee elects so to do. The only way the defendant could protect himself would be to pay the mortgage; but in so doing his payment or payments would be very much accelerated. The effect would be the substituting of a new and very different contract and much more burdensome to the defendant than the one under which he purchased the property. Neither plaintiff nor the court has the right to substitute another and different contract than that entered into by the parties.

The situation as between these parties is not altered by the provisions in the contract that if the vendor defaults in payments due on the mortgage "the purchaser *may* pay the same," or in case of foreclosure "the purchaser *may* * * * incumber said land by mortgage." The fair construction of this contract forces the conclusion that the use of the word *may* gives the vendee the option of doing as provided in the contract, but it does not impose upon him the obligation or duty to do so. On the contrary, the contract does specifically provide that the vendor "*shall*" meet the payments under the mortgage as they mature. Under the above construction of the contract it follows that the plaintiff was first in default and has continued to be in default. Notwithstanding defendant continued to make contract

payments for some months after plaintiff's default under the mortgage, we find nothing in the record which would estop defendant from asserting his contract rights in this suit wherein plaintiff attempts to foreclose, especially in view of the fact that plaintiff continued to be in default and that defendant was advised thereof but shortly before suit.

Under this record, the decree of foreclosure must be set aside. In order that the equities of the respective parties may be protected, plaintiff will be given 90 days after the filing of this opinion within which to pay or renew the mortgage on the property in accordance with the terms of the contract between these parties. In the event of her so doing, she may take a decree of foreclosure with the provision that defendant may have 60 days after decree within which to pay the amount decreed to be due. If the defendant redeems, neither party will have costs of either court; but in event defendant does not redeem plaintiff will have costs of both courts. In the event plaintiff fails to pay or renew the mortgage indebtedness as above provided, the defendant may have a decree of cancellation, and the case will be referred to the circuit court for an accounting between the parties.

Defendant will then have costs of both courts.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.