PACK *v.* MAC KAY.

VENDOR AND PURCHASER—VENDOR IN DEFAULT MAY NOT MAINTAIN ACTION FOR UNPAID INSTALMENTS.

Vendor's assignee, who was first in default in making payments on mortgage and taxes which under contract he was required to make, who continued in default, and whose default was not caused by vendee's default, is not entitled to maintain action for unpaid instalments on contract.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 28, 1932. (Docket No. 162, Calendar No. 36,839.) Decided January 3, 1933.

Assumpsit by S. Fred Pack, assignee, against
Dollena Mac Kay for instalments alleged to be due
on a land contract. Judgment for defendant. Plain-
tiff appeals. Affirmed.

*John W. Babcock (Charles E. Duffy,* of counsel),
for plaintiff.

*Shapero & Shapero (Harold M. Shapero,* of coun-
sel), for defendant.

McDONALD, C. J. This suit was brought to re-
cover two monthly instalments of $750 each due on
a land contract. The plaintiff is assignee of the
vendor. The defendant is the vendee. The con-
tract recites a down payment of $24,000 and an un-
paid balance of $93,000 payable $600 a month for
the first two months and thereafter $750 a month.
The defendant went into possession when the con-
tract was executed, on March 27, 1931, and made
her monthly payments promptly until December,
1931. There was a mortgage of $77,500 on the prop-
erty held by the Bankers Trust Company as mort-
gagee. By the terms of the land contract the
vendor was required to keep up his payments on
the mortgage as they became due and to pay the last
half of the city taxes for 1930 and the 1930 State
and county taxes within a reasonable time after the
execution of the contract. He did not keep up the
payments on the principal and interest of the mort-
gage and did not pay the taxes as he had agreed.
The result was that on December 2, 1931, he was
in default on the mortgage in the amount of
$4,709.09 and owed $1,887.16 in taxes for the year
1930. While thus in default, he instituted this suit
on January 15, 1932, to recover the December and
January payments on the contract, which, because

of the default, the defendant refused to pay. On January 29, 1932, the mortgagee began a suit to foreclose the mortgage, and, acting under its provisions, elected to declare the entire balance of $67,747.67 due. In view of these facts, the trial court held that the plaintiff had no cause of action for the unpaid instalments on the contract, and dismissed the suit without prejudice to the right of the vendor to renew it after he has cured his default upon the mortgage.

The following undisputed facts justify the conclusion of the trial court:

In the contract the vendor covenanted to pay the principal and interest on the mortgage as they became due. He did not do so. The last payment he made was in August, 1931. After that the defendant, who was meeting her payments promptly on the contract, paid him $2,100, none of which he applied on the principal or the interest of the mortgage. On the 2d of December, 1931, when the defendant's monthly payment of $750 on the contract became due, the plaintiff was in default approximately $4,800 on the mortgage, and $1,887.16 on the taxes. Because of the default, the mortgagee was threatening to go into possession of the premises under the assignment of rents provision of the mortgage. After the plaintiff began this suit, the mortgagee filed a bill to foreclose the mortgage, and, as it had a right to do under an acceleration provision, declared the entire balance due and payable. It also asked for the appointment of a receiver under the assignment of rents clause in the mortgage, and, pending a hearing, the court entered an order impounding the rents. The language of Mr. Justice North in *Dirr* v. *Hitchman,* 260 Mich. 179, 183,

aptly applies to these facts and prevents the plaintiff's recovery. In that case it was said:

"As long as plaintiff is in default on her mortgage defendant's rights under the contract are in jeopardy because they may be cut off by foreclosure of the mortgage at any time the mortgagee elects so to do. The only way the defendant could protect himself would be to pay the mortgage; but in so doing his payment or payments would be very much accelerated. The effect would be the substituting of a new and very different contract and much more burdensome to the defendant than the one under which he purchased the property. Neither plaintiff nor the court has the right to substitute another and different contract than that entered into by the parties."

In the instant case the plaintiff was first in default, he continued in default, and his default was not caused by the default of the defendant. It is well settled that in such circumstances the vendor cannot recover for unpaid instalments on a contract.

The plaintiff's claim that the defendant assigned her interest in the contract after the December instalment became due, and, therefore, is in no position to avail herself of plaintiff's default as a defense, is without merit, and requires no discussion.

The judgment is affirmed, with costs to the defendant.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.