DIBBLE *v.* HARROW.

1. VENDOR AND PURCHASER—DEFAULT—DECLARATION—PLEADING—
   VARIANCE.

   Where, in action for payments due on land contract, declaration
   recites that plaintiffs succeeded to interest of another, now
   deceased, by order of assignment of probate court, and affi-
   davit contains like recital, statement that plaintiffs' interest
   is by inheritance is construed, on appeal, as meaning same as
   averment of declaration; no issue being created thereby.

2. SAME—VENDOR'S DEFAULT IN PAYING MORTGAGE—RULE APPLI-
   CABLE.

   Where vendee's failure to pay instalments due on land contract
   is responsible for vendors' failure to make payments due on
   mortgage, rule that vendor is not entitled to enforce contract
   while in default on mortgage is not applicable; especially
   where vendee has not paid his portion of mortgage debt as-
   sumed by him, and where contract permits him to make pay-
   ments direct to mortgagee in event of vendors' failure to pay.

3. SAME—SUMMARY JUDGMENT.

   Vendors are entitled to summary judgment for past-due instal-
   ments on land contract, notwithstanding they are in default
   in making payments due on mortgage, where their default is
   caused by vendee's failure to pay, and latter has privilege of
   making payments direct to mortgagee.

Appeal from Wayne; Lamb (Fred S.), J., presid-
ing. Submitted January 10, 1933. (Docket No. 88,
Calendar No. 36,567.) Decided April 4, 1933.

Assumpsit by Lois A. Dibble and another against
Alfred T. Harrow for instalments due on a land
contract. Summary judgment for plaintiffs. De-
fendant appeals. Affirmed.

*Frank C. Cook* and *John P. O'Hara* (*A. L. Baumann,* of counsel), for plaintiffs.

*Wilkinson, Lowther & O'Connell,* for defendant.

CLARK, J. Plaintiffs sued to recover instalments due on a land contract, and had summary judgment, from which defendant has appealed. The interest of plaintiffs is questioned. The declaration is that plaintiffs, who, with Euphemia Rennie, signed the contract as vendors, have succeeded to the interest of Mrs. Rennie, now deceased, by order of assignment of the probate court. An affidavit contains a like recital. In one instance plaintiffs' interest is stated to be by inheritance. But, on the record, this statement creates no issue, and it is here construed as meaning the same as the averment of the declaration.

Citing *Dirr v. Hitchman,* 260 Mich. 179, defendant contends that past-due instalments of the contract may not be recovered, as plaintiffs are in default in making payments on the mortgage of $8,000. Defendant purchased and took deed of an undivided one-fourth of the property, and in that connection assumed and agreed to pay one-fourth of the mortgage debt. The land contract for the undivided three-fourths was made on December 13, 1927. It is subsequent to the mortgage. The purchase price named in the land contract is $15,000, with $2,000 paid down, and remainder in monthly instalments of $130 each. Between June 12, 1930, and time of commencing suit, January 7, 1932, instalments accrued in the total of $2,440, for recovery of which this suit is brought. If this sum were paid, the remainder to become due on the contract would be largely in excess of the amount of the mortgage. The mortgagee is willing to extend time for an additional period of three years upon partial payment,

the amount of which is less than the total of sums past due and owed by defendant on the contract. Defendant has not paid his portion of the mortgage debt. The contract permits him to make payments direct to mortgagee in event of plaintiffs' failure to pay.

On the facts as stated, and as the record is that defendant purchaser is responsible for failure of plaintiffs in respect of the mortgage, the fact of mortgage is no defense to this action for purchase money. The case is not ruled by *Dirr* v. *Hitchman,* *supra,* but in principle by *Langley* v. *Kirker,* 247 Mich. 443, and *Heath* v. *Gloster,* 260 Mich. 85. See 39 Cyc. p. 1931. We find no error in ordering summary judgment.

Affirmed.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.