STELLBERGER *v.* SCADUTO.

1. CONTRACTS—RESCISSION.
    Rescission is remedy properly restricted to cancellation of contracts involving mutual obligations.

2. VENDOR AND PURCHASER—DEFAULT BY VENDORS—RESCISSION.
    Where land contract provided that vendors would meet payments of principal and interest on mortgage on premises conveyed, as they matured, their failure to do so through no fault of vendees is ground for rescission.

Appeal from Wayne; Warner (Glenn E.), J., presiding. Submitted April 7, 1933. (Docket No. 50, Calendar No. 36,946.) Decided August 29, 1933.

Bill by Walter A. Stellberger and another against Angelo Scaduto and others to foreclose a land contract. Cross-bill by defendants Scaduto against plaintiffs for rescission. Decree for plaintiffs. Defendants appeal. Reversed, and decree for rescission granted.

*H. R. Martin,* for plaintiffs.

*M. D. Smilay,* for defendants.

POTTER, J. Plaintiffs were the owners of real estate in the city of Detroit upon which was located a three-story 13-apartment brick building which they sold to William H. Wakely and Rhoda S. Wakely, his wife, for $85,000; $20,000 of which was paid down and $65,000 of which was to be paid in monthly instalments of not less than $650 each, with interest at six per cent. while the contract was not

in default; and at seven per cent. per annum if it was in default, and, in addition, the sum of $2,000 was to be paid on principal before one year from the date of the contract, which was made March 24, 1927. Subsequently, and in 1928, William H. Wakely and Rhoda S. Wakely, his wife, vendees under the land contract by which the premises were sold by plaintiffs to them, assigned their contract to the defendants Angelo Scaduto and Lillian Scaduto, his wife, by which said assignment the Scadutos assumed and agreed to pay the balance due upon the contract, together with interest, being the sum of $58,990.05. This assignment was consented to by the plaintiffs, and the Wakelys are not made defendants for that reason. Simultaneously, with the assignment of this land contract from the Wakelys to the Scadutos, consented to by the plaintiffs, an agreement was made by which the plaintiffs reduced the monthly payments upon the contract from $650 to $550. Other changes were made in the contract. The defendants, the Scadutos, made the monthly payments as reduced to and including the payment due for March, 1932, but made no subsequent payments. Plaintiffs then instituted this suit, declaring the whole amount unpaid to be due as follows: Principal March 18, 1932, $49,045.27; interest to May 13, 1932, $809.26; taxes, second half of 1931 city taxes, $487.41; 1931 State and county taxes, $334.86; together with interest at the rate of seven per cent. per annum from the date of default in the payment of the taxes. About April 9, 1932, the defendants, the Scadutos, assigned their interest in this contract to Samuel Palazola, who is also made a party defendant. The contract provided:

"That if the title of the seller is evidenced by land contract or now or hereafter incumbered by

mortgage, the seller shall meet the payments of principal and interest thereon as they mature and produce evidence thereof to the purchaser on demand and in default the purchaser may pay the same, which payments shall be credited on the sums matured or first maturing hereon with interest at seven per cent. per annum and in event proceedings are commenced to recover possession or enforce the payment of such contract or mortgage because of the seller's default the purchaser may at any time thereafter while such proceedings are pending incumber said land by mortgage securing such sum as can be obtained upon such terms as may be required and with the proceeds pay and discharge such mortgage or purchase-money lien, and any mortgage so given shall be a first lien upon the land superior to the rights of the seller therein and thereafter the purchaser shall pay the principal and interest on such mortgage so given as they mature, which payments shall be credited on the sums matured or first maturing hereon, and when the sum owing hereon is reduced to the amount owing upon such contract or mortgage or owing to any mortgage executed under either of the powers in this contract contained, a conveyance shall be made in the form above provided with a covenant by the grantee to assume and pay the same.''

And under and by virtue of this provision in the contract there was a mortgage upon the premises securing the principal sum of $26,000. Plaintiffs, in their bill of complaint, ask for a determination of the amount due and sale of the premises, decree for deficiency and for a receiver to take possession of the lands and premises, make necessary repairs and collect rentals and conserve the interests of the parties in the property pending a determination of the case. Defendants Scaduto, by way of crossbill, claim plaintiffs failed and refused to produce

evidence of the payments due under such mortgage as demanded by the defendants; that they defaulted in the mortgage in the payment of $2,000 due thereunder April 1, 1932, notwithstanding defendants paid to plaintiffs between April 1, 1931, and March 18, 1932, approximately $5,301.10, and they ask rescission upon the ground that plaintiffs have neglected and refused to carry out the terms and provisions of their contract. The trial court, on June 30, 1932, entered a decree finding the amount due upon the contract $51,171.05, together with interest at seven per cent. per annum from that date for principal, interest, and taxes, decreeing foreclosure of the land contract, that defendants Scaduto pay said sum together with the costs of suit on or before 15 days from the date thereof, and that in default the premises be sold by a circuit court commissioner, but providing that payments might be made by defendants assuming and agreeing to pay the mortgage incumbering the premises, which mortgage runs to the Detroit Trust Company, appointing a receiver with the authority to operate and manage the property in the usual course of business, collect and receive the rentals and income, pay the expenses, directing the tenants to attorn to the receiver, restraining defendants from interfering with the receiver or with the tenants, directing a foreclosure sale and the application of the proceeds and delivery of a deed on sale, and a full termination of the rights of defendants therein. From this decree they appeal.

The proof indicates defendants, having paid plaintiffs more than $5,000 upon the contract from 1931 to 1932, were not to blame for plaintiffs' default in not meeting the payments due upon the mortgage. Plaintiffs neglected to make these pay-

ments, and notwithstanding they were in default, filed this bill to foreclose the land contract, declaring the entire amount due. Defendants refused to make further payments until plaintiffs relieved themselves of such default. As stated in *Dirr* v. *Hitchman,* 260 Mich. 179:

"As long as plaintiff is in default on her mortgage defendant's rights under the contract are in jeopardy because they may be cut off by foreclosure of the mortgage at any time the mortgagee elects so to do. The only way the defendant could protect himself would be to pay the mortgage; but in so doing his payment or payments would be very much accelerated. The effect would be the substituting of a new and very different contract and much more burdensome to the defendant than the one under which he purchased the property. Neither plaintiff nor the court has the right to substitute another and different contract than that entered into by the parties."

See, also, *Wilson* v. *Lingon,* 260 Mich. 134.

Plaintiffs did not meet the payments due upon the principal of the mortgage. Vendees had paid $5,301 to vendors, who had paid out but $1,500 during the year prior to the commencement of foreclosure proceedings. Rescission is a remedy properly restricted to the cancellation of contracts involving mutual obligations. Failure of the vendors to perform their contract is ground for rescission by the vendee. Upon plaintiffs' election to declare the whole amount due payable on the contract at once defendants elected to rescind. This they had a right to do. *Wilson* v. *Lingon, supra,* 139.

The decree of the trial court will be reversed, with costs, and a decree entered for rescission as

prayed. The cause will be remanded for an accounting as prayed. Defendants will have a lien for the amount to be found due them.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.