J. M. HAMILTON CO., APPELLANT, v. BATTSON, RESPONDENT.

(No. 7,368.)
(Submitted April 30, 1935. Decided May 10, 1935.)
[44 Pac. (2d) 1064.]

584

Mr. *George E. Hurd,* for Appellant, submitted a brief and argued the cause orally.

586

*Messrs. Speer & Hoffman,* for Respondent, submitted a brief; *Mr. Harvey B. Hoffman* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff brought this action in two counts against the defendant—the first to recover the balance due on a contract for the sale and the purchase of real estate; the second to recover the reasonable value of certain personal property alleged to have been sold by him to the defendant.

Plaintiff on August 19, 1930, entered into a contract with defendant, whereby the former agreed to sell and the latter agreed to buy certain real property situated in Great Falls. The purchase price of the property was the sum of $6,300, payable as follows: $300 cash upon the execution of the contract; $3,500 represented by a note and mortgage on the property of even date with the contract, payable to the order of Elizabeth Brzenski, and assumed by the defendant; and $2,500 evidenced by a promissory note attached to the contract and made a part of it by the terms thereof, and payable, beginning with the month of September, 1930, at the rate of $100 per month, with the accruing interest, on the 25th of each month, until paid. The defendant agreed to pay all taxes thereafter levied, and a proportionate part of the taxes for the year 1930. It was further agreed that "time shall and is hereby made of the essence of this agreement and each and every provision thereof," and that if default should be made in the payments or the interest, or should any taxes levied or assessed after January 1, 1931, become delinquent, or should the defendant fail to keep and perform the agreements in any other respect, plaintiff should be accorded the right to declare the entire balance of the purchase price immediately due and payable, although by the terms of the agreement the payments should not then be due.

It was further provided that plaintiff might then "institute proceedings for the immediate collection of the entire balance of said purchase price, in which event all the rights and remedies and privileges granted to the mortgagees of real estate under the laws of the state of Montana may be exercised by said vendor," including the right to collect reasonable attorney's fees and the cost of the continuation of an abstract of title. Under the terms of the contract defendant was to be entitled to the possession of the premises after August 25, 1930, and to continue in possession under its terms until default; but in the event of default plaintiff was to become entitled to the immediate possession of the property. The defendant agreed "quietly and peaceably to vacate and surrender

up possession" of the property and the improvements then situated thereon to the plaintiff "without the aid of any process issued by any court."

A warranty deed conveying the premises was to be executed by the plaintiff and delivered in escrow to a bank in Great Falls, to be delivered to the defendant upon the performance of the contract. The defendant, at his option, might on any day on which a payment fell due make additional payments in any multiple of $100. The contract further provided that "if the purchaser is in default and said default has continued for a period of thirty days and vendor has elected to declare the whole amount due, and has notified the purchaser to that effect, then and in the event that said purchaser vacates the said premises and turns them back to the vendor within thirty days after said default and upon receipt of notice by him that the vendor has elected to declare the whole amount due, that no deficiency judgment shall be entered or taken against the said purchaser." The notice provided for in the preceding quotation might be given to the defendant by registered mail at his address mentioned in the contract. The contract also contained other provisions unimportant here.

By letter dated the same day as the contract, signed either by the plaintiff or its president and delivered to the defendant, the contract was supplemented to the extent that defendant was accorded the right, in certain instances, to place a tenant in possession of the property. It was further modified or explained as follows: "In reference to the certificate No. 23211 of tax sale for the year 1928 for $245.75 and for the year 1929 for $163.23, it is expressly understood and agreed as part of the contract the parties of the first part, including the undersigned, are to pay those amounts, together with any interest thereon on or before the thirtieth day of November, 1930. Failing to pay them within that time, you may elect to pay them yourself and apply any sums so paid upon your monthly payments as they may come due."

The deed was executed and delivered in escrow, in accordance with the agreement. The defendant went into possession

of the property, made the $300 down payment, and the payments on the principal, together with the accruing interest, during the months of September, October and November of 1930; he, however, failed to make the payments when due in December, 1930, although thereafter at various times in the year 1931, and as late as February, 1932, he made payments on the principal. Altogether he made a total payment of $980 on the principal and $51.33 on account of interest. He did not pay the taxes levied and imposed after January, 1931, and neither he nor the plaintiff paid the 1928 and 1929 delinquent taxes, mentioned in the letter of August 19, 1930. The defendant made no payments on either principal or interest on the outstanding mortgage which he had assumed and agreed to pay.

On July 27, 1932, plaintiff served notice on the defendant, in the manner provided by the contract, for the acceleration of the maturity of the balance due on the purchase price, reciting the various defaults on the part of defendant in his failure to pay the interest on the mortgage indebtedness, the taxes levied and imposed, and the payments theretofore accruing under the contract, as well as the interest, and specifying the full sum of $2,075.83 claimed to be the balance then due pursuant to the provisions of the contract. The cause was tried before the court sitting without a jury. The facts thus far related are without substantial dispute in the evidence.

Over objection the defendant was permitted to testify that about the time the contract was entered into he had certain conversations with Mr. Hamilton, the president of the plaintiff corporation, wherein Mr. Hamilton explained to him that under the terms of the contract if he would, upon receipt of the notice of the acceleration of the maturity of the indebtedness, forthwith surrender possession of the premises no judgment could be obtained against him personally on account of the unpaid portion of the purchase price. Upon receipt of the notice defendant vacated the property, prepared and tendered to the plaintiff a quitclaim deed, signed by himself and wife, to the land and premises, and also tendered the key to the

house located thereon. Plaintiff refused to accept this deed, but accepted the key, according to the plaintiff's theory of the case, for the purpose of inspection only. Some dispute exists as to the manner in which the key was accepted.

The court found the issues generally in favor of the defendant on plaintiff's first cause of action, and on the second cause of action in favor of the plaintiff to the extent of $60. A judgment was entered dismissing the complaint on the first cause of action, and awarding plaintiff judgment in the sum of $60 on the second cause of action. Plaintiff has appealed from this judgment in its entirety, although in its brief it specifies no error on, and makes no argumentative attack against, the judgment so far as the second cause of action is concerned. Defendant has made a cross-assignment of error against the judgment as to the second cause of action but has perfected no cross-appeal.

Plaintiff assigns as error the action of the court in finding that plaintiff was not entitled to any relief on its first cause of action and that it should be dismissed. Also it is asserted that the court was in error in permitting the witnesses to testify as to the conversation had between the defendant and the president of the plaintiff corporation with reference to the alleged interpretation of the written agreement.

The defendant contends that plaintiff could not recover on its first cause of action for three reasons: (a) That by reason of plaintiff's failure to pay the delinquent taxes for the years 1928 and 1929 within the time stipulated in the letter of August 19, 1930, plaintiff was in default, under the terms of the contract as modified by the letter, and could not, therefore, maintain the action; (b) that, under the terms of the agreement and the supplemental letter, plaintiff could maintain no action for the recovery of a personal judgment on the contract, if defendant upon receipt of the notice promptly vacated and surrendered the premises to plaintiff; and (c) that, if the result contended for under subdivision (b) did not obtain under the terms of the contract, the contract was ambiguous and subject to explanation by parol testimony, and, as so ex-

plained, the contract would not permit of the recovery of a personal judgment against defendant in the facts and circumstances of the case.

It was nowhere provided in the contract in direct terms ▮▮ that the remedies therein mentioned were deemed to be exclusive. Where a contract specifically provides that the remedies enumerated therein shall be the only course of settlement thereunder, a party to it is limited to the remedies provided therein. (*Wing* v. *Brasher*, 59 Mont. 10, 194 Pac. 1106.) Although, when a contract provides for a definite and specific remedy in the case of breach, without any limitation making such enumerated remedy or remedies exclusive, a party is entitled to pursue the remedy specified in the contract, he may also pursue any other remedy which the law affords, in addition to those provided for in the contract. (*Alexander* v. *Wingett*, 63 Mont. 254, 206 Pac. 1088; *Wandell* v. *Johnson*, 71 Mont. 73, 227 Pac. 58.) If a vendor, however, pursues one of the afforded remedies to its conclusion, he is thereby precluded from attempting to follow another. (*Adamczik* v. *Mc-Cauley*, 89 Mont. 27, 297 Pac. 486; *Edwards* v. *Muri*, 73 Mont. 339, 237 Pac. 209; *De Young* v. *Benepe*, 55 Mont. 306, 176 Pac. 609.) Therefore, the plaintiff was free, upon the default of the defendant, to bring an action for the recovery of the balance due on the purchase price, unless his failure to pay the delinquent taxes precluded it from maintaining such action, or unless the contract was subject to the interpretation contended for by defendant, namely, that no personal judgment could be obtained against him if, upon receipt of notice, he surrendered the premises to the plaintiff.

By the terms of the supplemental letter plaintiff agreed to ▮ pay the delinquent 1928 and 1929 taxes on or before November 30, 1930. By the same instrument it agreed that in the event it failed to pay the taxes, defendant might, at his option, pay them himself and deduct the payments so made from the installments accruing on the contract. Defendant paid no taxes; in other words, he did not exercise the option privilege set forth in the letter. However, notwithstanding the

default of plaintiff in the payment of taxes, defendant for more than a year thereafter made some payments on the contract. The contract provided that time was of its essence. By making the further payments after plaintiff so defaulted in the matter of payment of the delinquent taxes, the defendant did not waive the provision that time was of the essence of the contract. (*Silfvast* v. *Asplund*, 93 Mont. 584, 20 Pac. (2d) 631, 635.) In the *Silfvast Case* we said that "the mutuality of the agreement that time shall be of the essence of the contract, requires that either party to the contract shall perform his obligations at the time specified, or within the time specified, in order to entitle him to require performance from the other party. It does not mean that delay will not give rise to a right of action against him. A breach of any promise in the contract, whether vital or not, will do that; nor does the phrase mean merely that time is a material matter, but that it is so material that exact compliance with the terms of the contract in this respect is essential to the right to require counter performance."

The plaintiff had not performed its obligation under the contract in the matter of the payment of the delinquent taxes, and up to that time the defendant had made payment of all the installments accruing. His default did not arise until after that of plaintiff, and, therefore, plaintiff was in no position to demand performance on the part of the defendant.

Plaintiff insists, however, that notwithstanding this default on its part, it is entitled to maintain this action. If this action were one for a rescission or cancellation of the contract, it would not be essential for plaintiff to plead and prove performance of the contract on its part (*Arnold* v. *Fraser*, 43 Mont. 540, 117 Pac. 1064; *Henderson* v. *Daniels*, 62 Mont. 363, 205 Pac. 964); but where the plaintiff is seeking to enforce the contract and recover the balance due on the purchase price agreed upon, it is necessary that he plead and prove performance on his part (*Henderson* v. *Daniels*, supra).

In support of this contention, counsel for plaintiff has invited our attention to a number of decisions from courts

of other jurisdictions. Among them are the cases of *Pringle* v. *Smith,* 289 Pa. 356, 137 Atl. 603, *Langley* v. *Kirker,* 247 Mich. 443, 225 N. W. 931, and *Heath* v. *Gloster,* 260 Mich. 85, 244 N. W. 237, none of which are cases wherein a vendor was seeking to recover the purchase price. On the contrary, in the Pennsylvania case he was seeking to rescind the contract; in the last-cited Michigan case he was seeking a forfeiture of the contract; in the first Michigan case he was seeking to secure possession of the premises. The case of *Dibble* v. *Harrow,* 262 Mich. 509, 247 N. W. 732, also cited, was an action to recover installments due on a land contract. It was there insisted that the plaintiffs could not recover because they were in default in making payments on a mortgage indebtedness. The defendant had purchased the property and assumed and agreed to pay a portion of the mortgage. If the defendant there was required to pay the total amount of the installments then due, and for which suit was brought, the balance of the purchase price still owing was greatly in excess of the amount of the entire mortgage indebtedness. There the mortgagee was willing to extend the mortgage indebtedness; there was no threat of foreclosure. The defendant had not paid his part of the mortgage debt. On this state of facts, varying greatly from those here present, the Michigan court allowed recovery.

Lastly plaintiff cites the case of *Borden* v. *Borden,* 5 Mass. 67, 4 Am. Dec. 32. An action was there brought to collect the balance due on a purchase price. It appears that the defendant sought to defend on the ground of a levy of execution on a judgment, and certain attachments. It appears that the purchaser had contracted with knowledge of the existence of the levy by execution. The judgment on which the execution was based was of uncertain validity and was then under attack. Its validity had not been finally determined. The attachments were likewise of doubtful validity and had been instigated by the defendant. On that state of facts the court affirmed a recovery.

Plaintiff alleged in its complaint that it had performed the contract. Admittedly, it had not paid the taxes agreed that

594

it should pay. Hence it could not bring an action for the recovery of the purchase price, although under the facts it might have maintained an action to cancel or rescind the contract.

Over objection the court admitted oral testimony seeking ██ to explain the alleged ambiguity in the contract. Error is assigned on its admission. If we assume that the testimony was inadmissible, the cause having been tried by the court without a jury, we must assume that the court so regarded it in making its findings. (*Bickford* v. *Bickford*, 94 Mont. 314, 22 Pac. (2d) 306.) The court did not indicate in its findings the reason for its conclusions. If, however, it reached the correct conclusion, it is immaterial upon what ground it decided the case. (*In re Metcalf's Estate*, 93 Mont. 542, 19 Pac. (2d) 905.) The court could very properly reach the conclusion it did, and entirely disregard the parol testimony.

It is unnecessary for us to decide the other questions argued. The court was not in error in dismissing plaintiff's first cause of action.

Plaintiff has by motion in this court sought to have ██ defendant's cross-assignment of error stricken upon the ground that it is improper in the circumstances of the case. Counsel for defendant argue that the bill of exceptions contains all the proceedings had at the trial, including all the testimony relating to the second cause of action; that it was not settled until a few days prior to the expiration of the time within which the notice of appeal could be served; and that they were not advised that plaintiff would not seek to review the rulings of the court on the second cause of action, until long after the time for perfecting an appeal therefrom had expired, namely, not until the filing of appellant's brief. Furthermore, they urge that although plaintiff by its second cause of action sought to recover $140, the court awarded it judgment for only $60, and that therefore they had every reason to believe that a review would be sought of the proceedings relative to the second cause of action.

The right to make cross-assignments of error is regulated by statute. (Sec. 9751, Rev. Codes 1921.) The scope and effect of this statute have been considered by this court. It applies only to cases in which the respondent makes cross-assignments upon errors in rulings adverse to him and preserved in the bill of exceptions in order to enable this court to determine whether those complained of by the appellant were compensated or rendered harmless by reason of them. (*In re Silver's Estate*, 98 Mont. 141, 38 Pac. (2d) 277; *Bose* v. *Sullivan*, 87 Mont. 476, 288 Pac. 614; *Cook* v. *MacGinniss*, 72 Mont. 280, 233 Pac. 129; *Olcott* v. *Gebo*, 54 Mont. 35, 166 Pac. 300.) We have here two causes of action, each relating to separate transactions. Separate actions might have been brought on either of them. The result upon either cause of action separately brought and tried would in nowise have affected the result upon the trial of the other. We are unable to see wherein any errors committed by the court in the trial of the second cause of action could in anywise compensate or render harmless the errors of which plaintiff complains. Accordingly, the motion to strike is granted.

Judgment affirmed.

Associate Justices Matthews, Stewart and Morris concur.

Mr. Chief Justice Sands, being absent on account of illness, takes no part in the foregoing decision.

Rehearing denied May 22, 1935.