STRYKER *v.* MARSCHNER.

VENDOR AND PURCHASER—RESCISSION—FORECLOSURE—EQUITY.

In vendee's suit to rescind land contract wherein vendors' mortgagee filed cross-bill to foreclose, decree of foreclosure *held*, justified, where vendees who were in possession were first in default in payment of taxes and amounts due under contract much greater than amount which became due under mortgage and vendees were given opportunity of curing mortgagors' default which vendees had caused by making payment direct to mortgagee.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted October 29, 1935. (Docket No. 112, Calendar No. 38,640.) Decided January 6, 1936.

Bill by Alfred Frederic Stryker and wife against William C. Marschner and wife, Frank J. Burkhardt and Gleaner Life Insurance Society, a Michigan corporation, to rescind a land contract and for other relief. Cross-bill by defendant corporation to foreclose land contract. Decree for defendant corporation on cross-bill. Plaintiffs appeal. Affirmed.

*Atkinson, Ortman & Watson (Frank W. Atkinson,* of counsel), for plaintiffs.

*Guy W. Moore* and *Hal P. Wilson (Arthur E. Steiner,* of counsel), for defendants Marschner.

*Schmalzriedt, Frye, Granse & Frye (Glenn C. Wilber,* of counsel), for defendants Burkhardt and corporation.

TOY, J. This is a bill to rescind a land contract, brought by vendees thereto, and a cross-bill to fore-

close the land contract brought by defendant Gleaner Life Insurance Society, the vendors' assignee.

On July 8, 1930, plaintiffs contracted to purchase from defendants Marschner the house and lot known as 18011 Crudder (now Woodingham Drive) avenue, in the city of Detroit. The purchase price was fixed in the contract at $14,500, of which plaintiffs made a down payment of $3,500. This payment was evidenced by the assignment of plaintiffs' interest in other property at an agreed price of $1,500, and plaintiffs' promissory note in the amount of $2,000. Later $500 was paid on this note and a renewal note given in the sum of $1,500. The balance of the purchase price, namely $11,000, was by the terms of the contract payable in monthly installments of not less than $92.50 each month commencing the first day of September, 1930.

Defendant Gleaner Life Insurance Society, hereinafter called the "insurance society," had a mortgage on the property, with defendants Marschner as mortgagors, in the sum of $7,700, under the terms of which the defendants Marschner were personally liable for the payment of the principal sum, the interest payments as they accrued semi-annually and the taxes. The mortgage provided for foreclosure if interest and taxes were not paid when due. The land contract provided that any mortgage placed on the property would be a prior lien to said land contract.

By the terms of the land contract, defendants Marschner (vendors) agreed to meet the mortgage payments of principal and interest as they matured, with provision that if default was by them made plaintiffs might pay the same.

Plaintiffs paid $92.50 each month from September 1, 1930, until April 1, 1931. In May, 1931, plaintiffs paid defendants Marschner $65, informing

them that such amount was all that they could pay at that time, but that they would make it up later. They never paid more than the $65 per month payment thereafter, and continued such monthly payments only until February, 1933, when they informed defendants that they would pay nothing more.

Under the terms of the contract, it was agreed that plaintiffs should pay the taxes on said property as they became due. However, plaintiffs defaulted in payment of the State and county taxes for the years 1931, 1932 and 1933. They failed to pay the second half of the city taxes for 1931, nor have they paid any of the city taxes since that date.

Defendants Marschner defaulted in their payment of the semi-annual interest due defendant insurance society on May 16, 1932, in the amount of $231, and have made no payments thereon since that time.

By reason of the failure of defendants Marschner to pay interest and taxes due, the insurance society, on March 3, 1933, commenced foreclosure proceedings by advertisement for the full amount of its mortgage. Notice of the foreclosure proceedings was posted on the premises.

On May 17, 1933, plaintiffs filed their bill of complaint against defendants Marschner and Burkhardt for cancellation and rescission of the contract, alleging that by reason of the default of defendants Marschner in making payments on their mortgage, the plaintiffs elected to rescind the contract. Said defendants duly filed answers thereto, denying that plaintiffs were entitled to such relief.

On May 25, 1933, the defendants Marschner conveyed by deed to the insurance society their interest in the property described in the land contract, in consideration of a full release of all obligations existing by the terms of the mortgage covering the

property. Because of this conveyance, the mortgage lien became merged with the fee, which was thereafter vested in the defendant insurance society, whereupon the mortgage foreclosure proceedings were discontinued. At the same time, defendants Marschner assigned their interest in the land contract to defendant insurance society.

Defendants Marschner, in March, 1933, transferred to defendant Burkhardt all their interest in the promissory note given by plaintiffs to defendants Marschner as part of the down payment on the contract. This transfer to defendant Burkhardt was in consideration of a past debt. Defendant Burkhardt was thereafter enjoined from transferring the note or seeking to collect the same.

On July 20, 1933, plaintiffs filed an amended bill of complaint, joining as a defendant the insurance society, seeking rescission of the land contract, and on July 27th of the same year the defendant insurance society filed its answer and cross-bill denying the right of plaintiffs to rescind, and seeking affirmative relief by foreclosure of the land contract. The case was referred to a circuit court commissioner for the taking of testimony, and as a result of his findings of fact and law, to which exceptions were duly taken, and the affirmation and approval of these findings by the circuit court, a decree was entered dismissing plaintiffs' bill of complaint and amended bill of complaint, dissolving the injunction against defendant Burkhardt, and granting foreclosure of the land contract on the cross-bill of defendant insurance society. From this decree plaintiffs appeal.

The plaintiffs were first in default. They failed to make the required monthly contract payment of $92.50 on May 1, 1931, but instead paid only $65. From that date, they made monthly payments in the

amount of $65 each month until February, 1933, when they paid $35 in cash and $30 evidenced by the check of Mr. Stryker, payment of which was refused by the bank. No further payments under the contract were made or tendered. Plaintiffs were also prior defaulters in failing to pay city, county, and State taxes for 1931. They did, in 1932, pay half of the 1931 city taxes, but never paid the balance of the city taxes for that year, nor for any of the succeeding years.

Defendants Marschner became in default on the land contract on May 16, 1932, by not paying the interest payment of $231 due on the mortgage. Thus, at the time of their vendors' default, plaintiffs were in prior default in payment of taxes, in the amount of approximately $260, and in the amount of $267.50 due as monthly payments under the contract.

In March, 1933, plaintiffs informed defendants Marschner that they would make no further payments on the land contract. At that time defendants Marschner were in further default by failing to make the semi-annual interest payment due under the mortgage on November 16, 1932, in the amount of $231. Therefore, in March, 1933, defendants Marschner were in default in the amount of $462. The plaintiffs, at this time, were in default in the amount of $637.50 in payments and $420.82 in taxes, or a total of $1,058.32.

Defendant William C. Marschner testified that in March, 1933, he informed plaintiffs that he was in default under the mortgage, that they (plaintiffs) were in default in payment of taxes, and that the defendant insurance society had threatened foreclosure of the mortgage unless something was done about it; he further testified that he told the plaintiffs he had made arrangements with the insurance society to accept payments direct from plaintiffs,

that if plaintiffs made such payments direct to the insurance society, it would "foreswear" foreclosure proceedings; and that plaintiffs answered him that they would pay nothing more on the land contract.

The witness Blake, an agent of defendant insurance society, testified that at a meeting in his office in February or March, 1933, he informed plaintiffs that if they would make their payments direct to the mortgagee, the mortgagee would accept the monthly payments in lieu of foreclosure proceedings; that the mortgagors had consented thereto; and that plaintiffs had responded that they would not make their payments to the mortgagee.

Plaintiffs contend that by reason of the default of defendants Marschner in making interest payments on the mortgage, that they (plaintiffs) have the right to rescind, and they base their contention on the following decisions: *Wilson* v. *Lingon,* 260 Mich. 134; *Dirr* v. *Hitchman,* 260 Mich. 179; *Pack* v. *Mac Kay,* 261 Mich. 348; *Dibble* v. *Harrow,* 262 Mich. 509; and *Stellberger* v. *Scaduto,* 264 Mich. 199.

We have closely examined the cases above cited, and with the exception of *Dibble* v. *Harrow, supra,* we find them to be clearly distinguishable from the instant case, for in none of them, as in the case now before us, was vendee's failure to make payments the cause of vendor's default in making payments under a mortgage, nor was there a *prior* substantial default by vendee.

The case of *Dibble* v. *Harrow, supra,* cited by plaintiffs, is clearly against their contention. We here, with propriety, can state in the language of that case that:

"The case is not ruled by *Dirr* v. *Hitchman, supra,* but in principle by *Langley* v. *Kirker,* 247 Mich. 443, and *Heath* v. *Gloster,* 260 Mich. 85."

Without doubt, plaintiffs' prior default in failing to make the required payments under the land contract and in failing to pay taxes caused the default of defendants Marschner under the mortgage. The record discloses that both before and after the mortgage foreclosure proceedings were commenced, plaintiffs could have protected themselves under the land contract without the acceleration of payments thereunder. This they refused to do, and as a result, defendants Marschner were perforce required to transfer their interest in the property to the defendant insurance society, thereby losing their investment. Plaintiffs have continued to hold the premises and to live thereon. They have made every effort to escape payment and yet retain possession of the property.

In *Heath* v. *Gloster, supra,* this court said:

"The rule that a vendor is precluded from forfeiting a land contract when he himself is in default in making payments on the mortgage is not applicable under the present circumstances. The defendant is largely responsible for vendor's defaults, and could have protected herself under the contract. The rule cannot be invoked in the present case for the purpose of escaping payment and at the same time retaining possession of the property. See *Daly* v. *Kramer,* 235 Mich. 581; *Langley* v. *Kirker,* 247 Mich. 443, 445."

Plaintiffs are not, under the circumstances of this case, entitled to rescind the land contract, and, therefore, being in default thereunder the defendant insurance society is entitled to foreclose.

The decree of the circuit court is affirmed, with costs to defendants.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.